IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 3 0 2023
CLERK, U.S. DISTRICT COURT
By_____ Deputy

JOSHUA GOODEAU,
TDCJ No. 02071610,

    Plaintiff,

v.

KYLE BURGESS,

    Defendant

2:20-CV-200-Z-BR

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Joshua Goodeau ("Plaintiff"), acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced Defendant and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is **DISMISSED**.

### JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992).

by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

## PLAINTIFF'S CLAIMS

Plaintiff clarified the claims in his Complaint through his Response to the Briefing Order Questionnaire (ECF No. 18). Plaintiff claims that on May 21, 2020, Defendant used excessive force against him. *Id.* at 2. Plaintiff states that he was in "crisis management" on his unit and refused to come out of his cell. *Id.* When a five-man team was deployed by TDCJ to extract the Plaintiff from his cell, Plaintiff admittedly assaulted Defendant. *Id.* Plaintiff was convicted of a prison disciplinary case for Assault on Staff as a result of his conduct against Defendant. *Id.* at 3. Plaintiff claims that Defendant Burgess assaulted him while placing him in leg restraints during the same course of events where Plaintiff attacked Defendant and in the same location. *Id.* at 2–3. The best description of the assault comes from the Step One grievance Plaintiff attached to his Briefing Order Questionnaire, wherein he alleged that Defendant "twisted [Plaintiff's] ankle, and drug me by the leg restraints." *Id.* at 6. Plaintiff claims that he had stopped resisting and was in full compliance at the time of Defendant's alleged misconduct. *Id.* at 1–2.

## ANALYSIS

In recent years, the Fifth Circuit has clarified when excessive force claims may be barred under the *Heck* doctrine if a prisoner also receives a disciplinary conviction arising from the

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

2

incident. *See Aucoin v. Cupil*, 958 F.3d 379, 380–81 (5th Cir.), *cert. denied*, 141 S. Ct. 567, 208 L. Ed. 2d 183 (2020) (citing *Bourne v. Gunnels*, 921 F.3d 484 (5th Cir. 2019)). The Court must sort this history to determine if Plaintiff's allegations of excessive force would necessarily negate his disciplinary convictions.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a conviction includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

An inmate cannot bring a Section 1983 claim for excessive use of force by a prison guard, if the inmate has already been found guilty for misconduct that justified that use of force. But *Heck* does not bar a Section 1983 claim for a prison guard's excessive use of force after the inmate has submitted and ceased engaging in the alleged misconduct. *See, e.g., Bourne*, 921 F.3d 484; *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008). Here, Plaintiff's account of the facts is that he was in

constant compliance with the guards, but this account contraindicates the result of his disciplinary conviction — which indicates Plaintiff's behavior justified the need for *some* force.

The Fifth Circuit's opinion in *Aucoin* is instructive. Like in *Aucoin,* Plaintiff's claims "arise from one uninterrupted encounter . . . he told one sweeping story." *Aucoin*, 958 F.3d at 380. However, unlike the defendant in *Aucoin*, Plaintiff has conceded he committed an act that resulted in his disciplinary conviction. ECF No. 18 at 1–3. Aucoin stated that he did nothing to provoke Defendants' use of mace. *Aucoin,* 958 F.3d at 379–81. Here, Plaintiff acknowledges that he assaulted Defendant Burgess. ECF No. 18 at 1. Thus, the force used here was in response to the behavior for which Plaintiff was disciplined. As such, Plaintiff's claims are barred by the *Heck* doctrine and are frivolous unless his conviction is overturned. *See Aucoin,* 958 F.3d at 381.

Plaintiff's claims fall in line with the type of temporal proximity claims that the *Aucoin* court found barred by *Heck. See id.* Plaintiff was restrained following his assault on the Defendant when the alleged excessive force occurred. Thus, this type of claim challenges the conviction for Assault on Staff, given that some force is needed to restore order following such behavior by prison inmates, including the force needed to restrain an inmate. The claims barred in *Aucoin* resulted from further uses of force *after* the plaintiff in that case was removed from the original situation, including a second application of chemical agents administered in a second location, and a physical assault unrelated to the restoration of order. *See id.* at 380–81. Therefore, this case does not fall outside the general principle that an inmate cannot bring a Section 1983 claim for excessive force where the inmate's behavior necessitated a use of force and resulted in a disciplinary conviction.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is **ORDERED**

that the Civil Rights Complaint by Plaintiff filed pursuant to Title 42, United States Code, section 1983 be **DISMISSED** without prejudice for failure to state a claim.

**SO ORDERED.**

June 30, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE